UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

                                              :

UNITED STATES OF AMERICA                         INDICTMENT

                                              :

        - v. -                                   09 Cr. ___ ( _ )

                                              :

FLAVIO MATIAS,
  a/k/a "Alberto,"
FRANCISCO MATIAS,                             :
  a/k/a "Frankie,"
  a/k/a "Francis,"
JUAN ANTONIO BENITEZ,                         :
  a/k/a "Sony,"
CARLOS PEGUERO,                               :
  a/k/a "Omi,"
  a/k/a "Carlito,"                            :
PEDRO BLANCO,
  a/k/a "Pedrito,"
HANSEL MERINO-JUMA,
  a/k/a "Hansen,"
  a/k/a "Hans,"
JUAN PAULINO,
  a/k/a "Tocayo,"
  a/k/a "Toca,"
FRANCISCO MACHUCA,
  a/k/a "Firuco,"
  a/k/a "El Viejo,"
  a/k/a "El Puru,"                            :
JUAN RAMOS,                                   :
  a/k/a "Gordo,"
FRANCISCO MATIAS, JR.,                        :
  a/k/a "Abel Matias,"
                                              :

        Defendants.
                                              :

- - - - - - - - - - - - - - - - - - - - - - - x

COUNT ONE:

The Grand Jury charges:

1.    From at least in or about October 2006, up to and including in or about July 2009, in the Southern District of New York and elsewhere, FLAVIO MATIAS, a/k/a "Alberto," FRANCISCO MATIAS, a/k/a "Frankie," a/k/a "Francis," JUAN ANTONIO BENITEZ,

a/k/a "Sony," CARLOS PEGUERO, a/k/a "Omi," a/k/a "Carlito," PEDRO BLANCO, a/k/a "Pedrito," HANSEL MERINO-JUMA, a/k/a "Hansen," a/k/a "Hans," JUAN PAULINO, a/k/a "Tocayo," a/k/a "Toca," FRANCISCO MACHUCA, a/k/a "Firuco," a/k/a "El Viejo," a/k/a "El Puru," JUAN RAMOS, a/k/a "Gordo," FRANCISCO MATIAS, JR., a/k/a "Abel Matias," the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that FLAVIO MATIAS, a/k/a "Alberto," FRANCISCO MATIAS, a/k/a "Frankie," a/k/a "Francis," JUAN ANTONIO BENITEZ, a/k/a "Sony," CARLOS PEGUERO, a/k/a "Omi," a/k/a "Carlito," PEDRO BLANCO, a/k/a "Pedrito," HANSEL MERINO-JUMA, a/k/a "Hansen," a/k/a "Hans," JUAN PAULINO, a/k/a "Tocayo," a/k/a "Toca," FRANCISCO MACHUCA, a/k/a "Firuco," a/k/a "El Viejo," a/k/a "El Puru," JUAN RAMOS, a/k/a "Gordo," FRANCISCO MATIAS, JR., a/k/a "Abel Matias," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance(s) involved in the offense were: (1) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); (2) 50 grams and more of

mixtures and substances containing a detectable amount of "crack" cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A); and (3) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A).

<u>Overt Acts</u>

4.    In furtherance of the conspiracy, and to effect the unlawful object thereof, FLAVIO MATIAS, a/k/a "Alberto," FRANCISCO MATIAS, a/k/a "Frankie," a/k/a "Francis," JUAN ANTONIO BENITEZ, a/k/a "Sony," CARLOS PEGUERO, a/k/a "Omi," a/k/a "Carlito," PEDRO BLANCO, a/k/a "Pedrito," HANSEL MERINO-JUMA, a/k/a "Hansen," a/k/a "Hans," JUAN PAULINO, a/k/a "Tocayo," a/k/a "Toca," FRANCISCO MACHUCA, a/k/a "Firuco," a/k/a "El Viejo," a/k/a "El Puru," JUAN RAMOS, a/k/a "Gordo," FRANCISCO MATIAS, JR., a/k/a "Abel Matias," the defendants, and others known and unknown, committed the following acts, among others, in the Southern District of New York and elsewhere:

a.    In or about October 2006, in the Bronx, New York, FLAVIO MATIAS, a/k/a "Alberto," and PEDRO BLANCO, a/k/a "Pedrito," the defendants, sold approximately 100 grams of cocaine to a confidential source ("CS-1").[1]

_____

CS-1 has provided information to law enforcement in the past, which information has proven to be reliable, and has engaged in controlled purchases of narcotics at law enforcement direction.

3

b.    On or about November 10, 2006, in the Bronx, New York, PEDRO BLANCO, a/k/a "Pedrito," the defendant, sold approximately 100 grams of cocaine to CS-1 and, additionally, provided CS-1 with a sample of heroin.

c.    In or about April 2009, in the Bronx, New York, FLAVIO MATIAS, a/k/a "Alberto," and FRANCISCO MATIAS, a/k/a "Frankie," a/k/a "Francis," the defendants, engaged in a telephone conversation, in code, regarding obtaining narcotics from a source of supply in Indiana.

d.    In or about April 2009, in the Bronx, New York, and elsewhere, CARLOS PEGUERO, a/k/a "Omi," a/k/a "Carlito," and JUAN ANTONIO BENITEZ, a/k/a "Sony," the defendants, traveled from in or about the Bronx, New York, to in or about Indianapolis, Indiana to purchase cocaine.

e.    On or about June 22, 2009, FLAVIO MATIAS, a/k/a "Alberto," JUAN ANTONIO BENITEZ, a/k/a "Sony," FRANCISCO MATIAS, JR., a/k/a "Abel Matias," the defendants, and others known and unknown, sold approximately 500 grams of cocaine to a third party.

f.    On or about June 23, 2009, in New York, New York, CARLOS PEGUERO, a/k/a "Omi," a/k/a "Carlito," and FRANCISCO MACHUCA, a/k/a "Firuco," a/k/a "El Viejo," a/k/a "El Puru," the defendants, possessed approximately two kilograms of cocaine, which was seized by law enforcement.

4

g.    On or about July 8, 2009, in the Bronx, New York, FLAVIO MATIAS, a/k/a "Alberto," and HANSEL MERINO-JUMA, a/k/a "Hansen," a/k/a "Hans," the defendants, and a co-conspirator not named herein sold approximately 54 grams of "crack" cocaine to a confidential informant (the "CI").[2]

h.    On or about June 25, 2009, JUAN RAMOS, a/k/a "Gordo," and FLAVIO MATIAS, a/k/a "Alberto," the defendants, engaged in a telephone conversation, in code, regarding the preparation of narcotics.

i.    On or about July 16, 2009, in the Bronx, New York, JUAN PAULINO, a/k/a "Tocayo," a/k/a "Toca," the defendant, possessed approximately 40 grams of mixtures and substances containing a detectable amount of heroin.

(Title 21, United States Code, Section 846.)

COUNT TWO:

The Grand Jury further charges:

5.    From at least in or about May 2009 up to and including in or about July 2009, in the Southern District of New York and elsewhere, FLAVIO MATIAS, a/k/a "Alberto," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did violate Title 21, United States

---

[2]    The CI has provided information to law enforcement in the past, which information has proven to be reliable, and has engaged in controlled purchases of narcotics at law enforcement direction.  The CI is compensated.

Code, Section 841(a)(1) by distributing a controlled substance to a person under twenty-one years of age, to wit, MATIAS provided narcotics to his son, who is under the age of twenty-one.

(Title 21, United States Code, Section 859(a).)

<u>FORFEITURE ALLEGATIONS</u>

6.    As a result of committing the controlled substance offense alleged in Counts One and Two of this Indictment, FLAVIO MATIAS, a/k/a "Alberto," FRANCISCO MATIAS, a/k/a "Frankie," a/k/a "Francis," JUAN ANTONIO BENITEZ, a/k/a "Sony," CARLOS PEGUERO, a/k/a "Omi," a/k/a "Carlito," PEDRO BLANCO, a/k/a "Pedrito," HANSEL MERINO-JUMA, a/k/a "Hansen," a/k/a "Hans," FRANCISCO MACHUCA, a/k/a "Firuco," a/k/a "El Viejo," a/k/a "El Puru," FRANCISCO MATIAS, JR., a/k/a "Abel Matias," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the narcotics violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the narcotics violation alleged in Counts One and Two of this Indictment.

7.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due

6

diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code,
Sections 856(a)(2) and 853.)

_____
FOREPERSON

_____
LEV L. DASSIN
Acting United States Attorney

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FLAVIO MATIAS, a/k/a "Alberto,"
FRANCISCO MATIAS, a/k/a "Frankie," a/k/a
"Francis,"
JUAN ANTONIO BENITEZ, a/k/a "Sony,"
CARLOS PEGUERO, a/k/a "Omi," a/k/a
"Carlito,"
PEDRO BLANCO, a/k/a "Pedrito,"
HANSEL MERINO-JUMA, a/k/a "Hansen," a/k/a
"Hans,"
JUAN PAULINO, a/k/a "Tocayo," a/k/a
"Toca,"
FRANCISCO MACHUCA, a/k/a "Firuco," a/k/a
"El Viejo," a/k/a "El Puru,"
JUAN RAMOS, a/k/a "Gordo,"
FRANCISCO MATIAS, JR., a/k/a "Abel
Matias,"

Defendants.

## INDICTMENT

09 Cr. ___ (   )

(21 U.S.C. §§ 812, 841(a)(1), 841(b)(1),
and 846; 21 U.S.C. § 859(a)).

LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

Foreperson.

*Indictment filed; case assigned to Judge Schemdler    7. Maas, USMJ*