USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **APPLICATION** |
| v. | 09 Cr. 767 (KMW) |
| FRANCISCO MATIAS | |

STATE OF NEW YORK    )
                     ) ss.
COUNTY OF NEW YORK   )

Katherine Cheng, pursuant to 28 U.S.C. § 1746, hereby affirms under penalty of perjury the truth of the facts set forth herein:

I. **Introduction**

1. I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York and, as such, am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. §§ 2510(7) and 2516(3), that is, an attorney authorized by law to prosecute violations of federal law. I am also an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 2516(3), and 2517(6).

II. **The Intercepts Subject to the Unsealing Request**

2. As described further below, this application seeks authorization to unseal the original tapes of certain wire, oral and/or electronic communications that were seized pursuant to a lawful court order (the "Intercepts"), and subsequently sealed in compliance with 18 U.S.C. § 2518(8)(a), which provides that, upon the expiration of the period of the order authorizing or

approving the Intercepts, "such recordings shall be made available to the judge issuing such order and sealed under his directions."

3. The Intercepts that the Government seeks to unseal were obtained as part of a federal criminal investigation into a large conspiracy involving narcotics, narcotics distribution, and a firearms offense, in violation of 21 U.S.C. §§ 841, 846, 859(a) and 18 U.S.C. § 922(k) (the "Subject Offenses").

4. Based on my review of court records and files in the possession of the Drug Enforcement Administration ("DEA") and United States Attorney's Office for the Southern District of New York, and my conversations with agents and/or employees of the DEA, I am aware of the following information relating to the Intercepts:

5. On or about April 9, 2009, the Honorable Robert W. Sweet issued an order authorizing the interception and recording of wire communications over telephone number 646-977-9200 (the "9200 Phone") for the period of on or about April 9, 2009 through on or about April 27, 2009.[1] On or about May 11, 2009, the Honorable Naomi R. Buchwald authorized the sealing of the Intercepts for the 9200 Phone. The 9200 Phone Intercepts were subsequently marked with exhibit number N-17 and are currently in the possession of the DEA.

6. On or about May 21, 2009, the Honorable Naomi R. Buchwald issued an order authorizing the interception and recording of wire communications over telephone numbers 646-296-4918 and 347-783-8079 (the "4918 and 8079 Phones") for the period of on or about May 22, 2009 through on or about June 19, 2009. On or about June 20, 2009, the Honorable Naomi R. Buchwald authorized the sealing of the Intercepts for the 4918 and 8079 Phones. Those Intercepts

---

[1] In addition, the April 9, 2009 Order signed by Judge Sweet authorized a pen register on the 9200 Phone from on or about April 27, 2009 through on or about May 9, 2009.

were subsequently marked with exhibit number N-26 and are currently in the possession of the DEA.

7. On or about June 19, 2009, the Honorable Colleen McMahon issued an order authorizing the interception and recording of wire communications over telephone number 646-296-4918 (the "4918 Phone") for the period on or about June 19, 2009 through on or about July 19, 2009. On or about July 20, 2009, the Honorable Laura Taylor Swain authorized the sealing of the 4918 Phone Intercepts. The 4918 Phone Intercepts were subsequently marked with exhibit number N-29 and are currently in the possession of the DEA.

8. The DEA has represented that, in an abundance of caution, it requires a Court Order authorizing unsealing of the above-referenced Intercepts.

### III. The Basis for Unsealing

9. On or about October 1, 2009, a grand jury in this District returned Indictment S2 09 Cr. 767 (SAS) charging twelve defendants with conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and two of those defendants with additional narcotics and firearms offenses in violation of 21 U.S.C. § 859(a) and 18 U.S.C. § 922(k). *See United States v. Flavio Matias et al.*, 09 Cr. 767 (SAS), Dkt. 49.

10. While almost all of the defendants charged in the Indictment were arrested and subsequently convicted, one defendant, Francisco Matias, fled and remained a fugitive. Recently, however, Francisco Matias was apprehended on or about November 25, 2024 and presented in this District before the Honorable Barbara C. Moses. Thus, the Government is requesting the unsealing

of the Intercepts in order for the Government to satisfy its discovery obligations and present its case at trial.[2]

### IV. Request for Unsealing of Intercepts

11. On the basis of the facts set forth in this Application, the Government respectfully requests that the Court issue an order authorizing the unsealing of the wire, oral and/or electronic communications described herein.

12. The investigating agency involved, the DEA, concurs in this Application.

Dated: New York, New York
June 2, 2025

*[signature]*
Katherine Cheng
Assistant United States Attorney
Tel.: 212-403-2492

---

[2] Following the unsealing of the requested Intercepts, the Government will make copies of the Intercepts as authorized by 18 U.S.C. § 2518(8), and subsequently seek resealing of the original Intercepts at an appropriate time. *See United States v. Scopo*, 861 F.2d 339, 347 (2d Cir. 1988).

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FRANCISCO MATIAS | **UNSEALING ORDER**<br><br>09 Cr. 767 (KMW) |

Upon the application under penalty of perjury having been made before me by the United States for an order authorizing the unsealing of intercepted wire, oral and/or electronic communications, intercepted pursuant to 18 U.S.C. § 2510 et seq. (the "Intercepts") and full consideration having been given to the matters set forth herein, the Court finds:

1.  On or about April 9, 2009, the Honorable Robert W. Sweet issued an order authorizing the interception and recording of wire communications over telephone number 646-977-9200 (the "9200 Phone") for the period on or about April 9, 2009 through on or about April 27, 2009.[3] On or about May 11, 2009, the Honorable Naomi R. Buchwald authorized the sealing of the Intercepts for the 9200 Phone. The 9200 Phone Intercepts were subsequently marked with exhibit number N-17 and are currently in the possession of the DEA.

2.  On or about May 21, 2009, the Honorable Naomi R. Buchwald issued an order authorizing the interception and recording of wire communications over telephone numbers 646-296-4918 and 347-783-8079 (the "4918 and 8079 Phones") for the period on or about May 22, 2009 through on or about June 19, 2009. On or about June 20, 2009, the Honorable Naomi R. Buchwald authorized the sealing of the Intercepts for the 4918 and 8079 Phones. Those Intercepts were subsequently marked with exhibit number N-26 and are currently in the possession of the DEA.

3.  On or about June 19, 2009, the Honorable Colleen McMahon issued an order authorizing the interception and recording of wire communications over telephone number 646-296-4918 (the "4918 Phone") for the period on or about June 19, 2009 through on or about July 19, 2009. On or about July 20, 2009, the Honorable Laura Taylor Swain authorized the sealing

---

[3] In addition, the April 9, 2009 Order signed by Judge Sweet authorized a pen register on the 9200 Phone from on or about April 27, 2009 through on or about May 9, 2009.

of the 4918 Phone Intercepts. The 4918 Phone Intercepts were subsequently marked with exhibit number N-29 and are currently in the possession of the DEA.

4. The unsealing of the Intercepts described above is necessary to allow the Government to comply with its disclosure obligations and to prepare for trial with respect to defendant Francisco Matias, who was charged in Indictment S2 09 Cr. 767 (SAS) and had been a fugitive until his recent arrest on or about November 25, 2024.

Accordingly, IT IS HEREBY ORDERED that the above-described intercepted wire, oral and/or electronic communications may be unsealed by the DEA.

Dated:  New York, New York
        June 4, 2025

_____
HONORABLE KIMBA M. WOOD
United States District Judge
Southern District of New York